MARION CARPENTER, Appellant, v. ILION NATIONAL BANK, as Executor and Trustee under the Last Will and Testament of MARION CARPENTER, Deceased, and as Executor, etc., of HENRY R. CARPENTER, Deceased, and Others, Respondents; HARRY W. CARPENTER, Appellant.— Plaintiff and defendant Harry W. Carpenter appeal from a judgment entered June 20, 1931, Supreme Court, Special Term, Part 1, Kings county, dismissing the amended complaint and defendant Harry W. Carpenter's answer thereto in so far as it may be deemed a cross-bill, and from an order dated June 20, 1931, upon which said judgment was entered, which order also granted defendants, respondents' motion for judgment on the pleadings and denied the respective motions of plaintiff and defendant Harry W. Carpenter for judgment on the pleadings. Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Committee of the Property of HARRIET NICKEL SMALLING, an Incompetent Person, Respondent, v. ARTHUR S. WESSELL and Another, Appellants.— Order in so far as it grants plaintiff's motion for summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In so far as it denies defendants' motion for summary judgment, the order is affirmed, without costs. In this case there are questions of fact which can be determined only upon a trial. There are also questions of law which can be solved only after all of the facts are presented. Paragraph sixth of the contract seems to be ambiguous. It may mean that the defendants were required to call for the stock. Parol proof would be admissible to show the intention of the parties. Plaintiff's rights under the contract are limited to 114 shares in the absence of proof of an assignment of Katherine E. Kopp's rights under the contract. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.